DISCIPLINARY PROCEEDINGS
liPER CURIAM *.
After pleading nolo contendere to one count of felony unauthorized use of a movable in violation of La.Rev.Stat. 14:68, respondent was charged with the violation of Rules 1.2(a), 1.8(b), 1.15, 4.1, and 8.4(a), (b) and (c) of the Rules of Professional Conduct. An interim suspension was ordered by this court on November 29, 1993, In re Muhammad, 629 So.2d 408 (La.1993), and formal charges were filed on December 2, 1993. The Hearing Committee recommended a sentence of three years, and the Disciplinary Board likewise found a three-year suspension to be an appropriate sanction in this case.
In the incident at issue, the clients hired respondent in 1989 to represent them in a personal injury suit arising out of an automobile accident on a thirty-percent contingency fee from any settlement. On September 20, 1989, respondent received a check in the amount of $2,411.70, which he deposited in his account. He received a second cheek for $3,000 on April 14, 1990, and deposited it in his account. According to the clients, respondent told them he had not reached any ^settlement agreement and had not received any money on their behalf. When the clients later learned that both settlement checks had been issued to and cashed by respondent, he was arrested for theft.
Respondent was convicted on his nolo con-tendere plea and sentenced to three years supervised probation.
The Hearing Committee found that respondent had endorsed the clients’ names to the settlement checks without authority, thereby converting the funds for his own use. The Committee found several aggravating factors, including: (a) prior disciplinary offenses (three admonitions in the fall of 1990 for failing to provide a response to disciplinary complaints), (b) dishonest or selfish motive, (c) pattern of misconduct, (d) multiple offenses, (e) vulnerability of the victim, and (f) illegal conduct.
However, the Committee also found the mitigating factors of: (a) full and free disclosure, (b) remorse, (c) inexperience in the practice of law (five years after admission), (d) imposition of other penalties and sanctions (three-year supervised probation), (e) interim rehabilitation,[1] and (f) delay between the September 1991 conviction (for conduct in 1989 and 1990) and the commencement of *327 disciplinary proceedings on December 2, 1993. While noting that disbarment is the baseline sanction for such conduct, see Louisiana State Bar Association v. Hinrichs, 486 So.2d 116 (La.1986) and the Standards for Imposing Lawyer Sanctions ¶ 4.11 and ¶ 5.11 (1986), the Hearing Committee nevertheless recommended a three-year ^suspension because of the mitigating factors outlined above.
The Disciplinary Board likewise recommended a suspension of three years. In doing so, the Board commented as follows:
Although the baseline sanction for Respondent’s conduct is disbarment, the Disciplinary Board is of the opinion, as was the Hearing Committee, that due to the extensive mitigating factors cited above that a three year suspension is the appropriate discipline in this instance. These mitigating factors include Respondent’s sincere efforts at rehabilitation, his refreshing candor and contrition, his youth, his meager experience as a lawyer, the imposition of other penalties as well as the delay in disciplinary proceedings.[2]
After reviewing the record and the findings and recommendations, we adopt the Disciplinary Board’s recommended suspension of three years. While the commingling and conversion of a client’s funds should generally result in disbarment, we agree that a three-year suspension an appropriate sanction in this case.
Accordingly, it is ordered that Ahmed R. Muhammad be suspended from the practice of law for a period of three years, effective November 29, 1993. All costs of the proceedings are assessed to the respondent.
SUSPENSION ORDERED.
CALOGERO, C.J., would suspend respondent from practice of law for two years.
■ JOHNSON, J., would suspend for two years.

 Judge Morris A. Lottinger, Jr., Court of Appeal, First Circuit, sitting by assignment in place of Justice James L. Dennis. Victory, J., not on panel. Rule IV, Part 2, § 3. See footnote in State v. Barras, 615 So.2d 285 (La.1993).

. In 1990, respondent joined the New Nation of Islam. Since that time, he has made restitution to his clients and has performed 100 hours of community service work with Capital Area Legal Services in connection with the conditions of the court-ordered probation arising out of respondent's criminal charges. Respondent testified that the majority of his time has been spent reforming his character and his conduct and working in non-law related areas. He stated, "I felt that if I had been suspended by the court, that those were the things they would have ordered me to do. So the minister had me to take it upon myself to do those things for myself, to shut down my practice and start making restitution to the clients, and that's what I've been doing.”

. Respondent has supplemented the record with evidence that he has made full restitution to the clients as part of the conditions of his probation.